1 ANN E. KOLBER, ESQ.
Nevada Bar No. 8144
2 LAW PRACTICE, LTD.
5516 S. Fort Apache Road, #110
3 Las Vegas, Nevada 89148
Telephone: (702) 871-6144
4 Facsimile: (702) 871-6916
Email: akolber@lawpracticeltd.com
5 *Attorney for Defendant/Cross-Claimant Roy Lohrengel*

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| DISH NETWORK CORPORATION, as Plan Administrator and on behalf of DISH NETWORK CORPORATION 401(K) PLAN,<br><br>    Plaintiff,<br><br>vs.<br><br>ROY LOHRENGEL; DEBORAH POMPA,<br><br>    Defendants.<br>_____<br>ROY LOHRENGEL,<br><br>    Cross-Claimant,<br><br>vs.<br><br>DEBORAH POMPA,<br><br>    Cross-Defendant. | Civil Action No.: 2:17-cv-01601-KJD-CWH<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINES**<br><br>**(SECOND REQUEST)** |

      Defendant/Cross-Claimant ROY LOHRENGEL, Defendant/Cross Defendant DEBRA JEAN POMPA, and Plaintiff DISH NETWORK CORPORATION, As Plan Administrator And On Behalf of DISH NETWORK CORPORATION 401(K) PLAN ("Plaintiff"), by and through

1

their respective undersigned counsel of record, hereby stipulate and request that the Court extend certain discovery deadlines by approximately ninety (90) days. This is the second request by any party to extend any discovery deadlines in this matter.

Pursuant to Local Rule 26-4, the parties states as follows:

## I. DISCOVERY COMPLETED TO DATE

- The parties conducted the Fed. R. Civ. P 26(f) conference.
- Plaintiff served its initial disclosures on October 26, 2017.
- Pompa served her initial disclosures on November 15, 2017.
- Lohrengel served his initial disclosures on December 13, 2017.
- Lohrengel has obtained documents pursuant to the service of a subpoena and has served those documents to Plaintiff and Pompa in Lohrengel's First Supplemental Disclosure of Witnesses and Documents on February 13, 2018.
- Pompa has served the following written discovery on Lohrengel:
  ☐ Pompa's First Set of Interrogatories, served on November 17, 2017. Responses were due as of December 20, 2017.
  ☐ Pompa's First Request for Production of Documents, served on November 17, 2017. Responses were due as of December 20, 2017.
- Pompa has served the following written discovery on Plaintiff:
  ☐ Pompa's First Set of Interrogatories, served on November 17, 2017. Responses were due as of December 20, 2017.
  ☐ Pompa's First Requests for Production of Documents, served on November 17, 2017. Responses were due December 20, 2017.
- Lohrengel served his responses to Pompa's First Set of Interrogatories on December 13, 2017.

. . .

- Lohrengel served his responses to Pompa's First Request for Production of Documents on December 13, 2017.
- Lohrengel served his Supplemental Responses to Pompa's First Set of Interrogatories on January 18, 2018.
- Plaintiff served its responses to Pompa's First Set of Requests for Production of Documents on January 5, 2018.
- Plaintiff served its responses to Pompa's First Set of Interrogatories on January 5, 2018.
- Plaintiff served its First Supplemental Disclosures on December 13, 2017.
- Lohrengel's counsel filed an Ex Parte Petition For Appointment of Special Administrator of the decedent's probate estate on January 26, 2018 in order to enable her to obtain decedent's medical records. Counsel is waiting for an order to be issued.

## II. DISCOVERY TO BE COMPLETED

- Deposition(s) of Rule 30(b)(6) designee(s) of Plaintiff.
- Deposition(s) of Roy Lohrengel
- Deposition(s) of Debra Jean Pompa
- Deposition of additional non-party fact witnesses.
- Disclosure of expert witnesses and rebuttal.
- Depositions of expert witnesses.
- Subpoena of decedent's medical records.

The above list is made without prejudice to the Parties' ability to conduct additional discovery or to object to such discovery consistent with the Federal Rules of Civil Procedure.

. . .

. . .

. . .

### III. REASONS WHY DISCOVERY CANNOT BE COMPLETED WITHIN THE CURRENT SCHEDULE.

This case involves allegations involving the physical and mental condition of decedent, Larry Lohrengel, at the time he made changes to his 401K beneficiary to designate Pompa. Lohrengel, who is Larry Lohrengel's father, has alleged in his Cross-claim that the beneficiary designation was changed by Pompa without Larry Lohrengel's knowledge or consent at a time when he was allegedly physically unable to make any changes via computer regarding the distribution of his 401K benefits and did not desire to make said designation. Pompa denies these allegations and alleges in her Cross-Claim that Larry Lohrengel was able, coherent, competent, and acutally made the changes himself. During a telephone conversation between Pompa's and Lohrengel's counsel, Lohrengel's counsel informed Pompa's counsel that she would be relying on medical records that she had not yet sought or obtained as she was waiting for an order to be signed appointing her as special administrator of the decedent's estate so that she could obtain said medical records. Pompa, of course, may also need these medical records in defense and in connection with her own Cross-claim.

Because Larry Lohrengel is deceased, it has become necessary to obtain an order from the Nevada probate court in order to obtain decedent's medical records. On January 26, 2018, Lohrengel's counsel filed an ex parte petition for appointment of special administrator of Lohrengel's estate with the probate court in order to enable Lohrengel's counsel to have the authority to obtain the decedent's medical records. At present, Lohrengel's counsel is waiting for the probate court to approve the petition. Once medical records are obtained, they will need to be reviewed by counsel and by the parties' respective experts.

. . .

. . .

. . .

. . .

1  Given that the expert disclosure deadline in this case is currently set for March 22.
2  2018, it is necessary to extend the expert disclosure deadline and all other discovery
3  deadlines in order for the parties to have sufficient time to obtain the required order from
4  the Nevada probate court, obtain the decedent's medical records, and review the
5  decedent's medical records with their respective experts, if necessary.

6  The parties agree that this extension is not made for the purposes of delay, but to
7  allow additional time for the obtaining and review of medical records, which requires and
8  order from the Nevada probate court, and for the parties to complete fact discovery, as
9  necessary, before disclosing experts to ensure a just adjudication of the case on the
10 merits, and that none of them will be prejudiced by an extension.

**IV.    PROPOSED SCHEDULE**

WHEREFORE, the parties respectfully request that this Court extend discovery deadlines as follows:

| EVENT | CURRENT DEADLINE | PROPOSED DEADLINE |
|---|---|---|
| Add Parties/Amend Pleadings | November 21, 2017 | **No Extension Requested** |
| Designate Expert Witness(es) | March 22, 2018 | June 20, 2018 |
| File Interim Status Report | March 22, 2018 | June 20, 2018 |
| Designate Rebuttal Witness(es) | April 23, 2018 | July 20, 2018 |
| Close of Discovery | May 21, 2018 | August 20, 2018 |
| File Dispositive Motions | June 20, 2018 | September 19, 2018 |
| Joint Pretrial Order | July 20, 2018 | October 18, 2018 |

. . .

. . .

. . .

. . .

Respectfully Submitted:

| | |
|---|---|
| Dated: March 1, 2018 | Dated: March 1, 2018 |
| BOWLER DIXON & TWITCHELL LLP | JACKSON LEWIS P.C. |
| */s/ Andrew F. Dixon* | */s/ Mahna Pourshaban* |
| Andrew F. Dixon, Esq., Bar #8422<br>3137 E. Warm Springs Road<br>Suite 100<br>Las Vegas, Nevada 89120<br>Attorney for Defendant/Cross-Defendant<br>Cross-Claimant Debra Pompa | Mahna Pourshaban, Esq. Bar #13743<br>3800 Howard Hughes Parkway<br>Suite 600<br>Las Vegas, Nevada 89169<br>Attorney for Plaintiff<br>DISH Network Corporation |

Dated: March 1, 2018

LAW PRACTICE, LTD.

*/s/ Ann E. Kolber*

Ann E. Kolber, Esq., Bar #8144
5516 S. Fort Apache Rd.
Suite 110
Las Vegas, Nevada 89148
Attorney for Defendant/Cross Claimant
Cross-Defendant Roy Lohrengel

## **ORDER**

IT IS SO ORDERED.

Dated this ____2nd____ day of ____March____, 2018.

_____
**UNITED STATES MAGISTRATE JUDGE**