Andrew F. Dixon
Nevada Bar No. 8422
BOWLER DIXON & TWITCHELL LLP
3137 East Warm Springs Road, Suite 100
Las Vegas, Nevada 89120
Phone: (702) 436-4333
Fax: (702) 260-8983
andrew@nevadalegalcounsel.com
*Attorneys for Defendant/*
*Cross-claim Plaintiff Debra Jean Pompa*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| DISH NETWORK CORPORATION, As Plan Administrator And On Behalf Of DISH NETWORK CORPORATION 401(K) PLAN,<br><br>       Plaintiff,<br><br>vs.<br><br>ROY LOHRENGEL, and DEBORAH POMPA<br><br>       Defendants. | Case No.: 2:17-cv-01601-KJD-CWH<br><br>**JOINT STIPULATION AND (PROPOSED) ORDER TO STAY DISCOVERY**<br><br>**(First Request)** |
| DEBRA JEAN POMPA,<br><br>       Cross-claim Plaintiff,<br><br>vs.<br><br>ROY LOHRENGEL,<br><br>       Cross-claim Defendant. | |

       Pursuant to LR IA 6-1 and LR II 7-1, Plaintiff, Dish Network Corporation, As Plan Administrator And On Behalf Of Dish Network Corporation 401(K) Plan ("Dish Network"), Defendant/Cross-claim Plaintiff/Cross-claim Defendant, Debra Jean Pompa ("Pompa"), and Defendant/Cross-claim Plaintiff/Cross-claim Defendant, Roy Lohrengel ("Lohrengel"), by and

through their respective attorneys of record, hereby stipulate and agree pursuant to Local Rule 7-1 as follows:

1.      This matter is an interpleader action brought by Dish Network relating to competing claims to a decedent's retirement benefits.  Pompa and Lohrengel have filed Cross-Claims asserting claim to the retirement benefits.

2.      On May 10, 2018, Pompa filed her Motion for Summary Judgment (Dkt. 30), on Lohrengel's Cross-Claim against her.  Pompa alleges in her Motion for Summary Judgment that Lohrengel's Cross-Claim is barred by the statute of limitations.  Pompa's Motion for Summary Judgment is potentially dispositive both of Lohrengel's Cross-Claim and to the claim in interpleader brought by Dish Network, because, if granted, it would resolve the competing claims at issue in Pompa's and Lohrengel's respective Cross-Claims.

3.      On May 10, 2018, the undersigned counsel for Pompa sent correspondence to the undersigned counsel for Lohrengel advising her of the pending Motion for Summary Judgment and requesting her stipulation that discovery be stayed pending the outcome and requesting, if she would not agree, that she provide dates and times in which the parties could meet and confer pursuant to LR II 26-7 prior to filing a motion for stay or for a protective order.

4.      On May 14, 2018, the undersigned counsel for Pompa responded to the correspondence from the undersigned counsel for Pompa, advising that she would not agree to stay discovery and providing her availability for the meet and confer.

5.      On May 17, 2018, the undersigned counsel for Pompa and Lohrengel held a telephonic "meet and confer" LR II 26-7.  During the telephonic meet and confer, the respective undersigned counsel, in good faith, discussed at length their relative positions with respect to: (a) the issues raised in the Motion for Summary Judgment; (b) whether discovery was necessary to address the issue so raised; (c) the upcoming discovery set to occur, including the deposition of Pompa, and the impending expert disclosure deadlines; (d) the need to yet obtain medical records prior to expert disclosures and the pending delays in obtaining said records due to procedural issues with the probate court; and (e) the anticipated time that will be required for the court to consider and rule on the Motion for Summary Judgment.

**BOWLER DIXON & TWITCHELL LLP**
3137 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89120

6. After personally meeting and conferring on these issues in good faith, and thoroughly considering the issues, the undersigned counsel for Pompa and Lohrengel reached an agreement that it is in the best interests of all parties to wait until the Motion for Summary Judgment has been decided by the Court prior to continuing with any remaining discovery, including, but not limited to, written discovery, depositions, and the retention and disclosure of experts and expert reports, the cost of which could be substantial and which may be unnecessary in the event the Motion for Summary Judgment is granted.

7. The parties have been diligent thus far in working toward completing discovery and the following discovery has been completed to date:

- Dish Network served its initial disclosures on October 26, 2017.

- Pompa served her initial disclosures on November 15, 2017.

- Lohrengel served his initial disclosures on December 13, 2017.

- Lohrengel served his First Supplemental Disclosure of Witnesses and Documents on February 13, 2018.

- Pompa served her First Set of Interrogatories on Lohrengel on November 17, 2017.

- Pompa served her First Set of Requests for Production of Documents on Lohrengel on November 17, 2017.

- Pompa served her First Set of Interrogatories on Dish Network on November 17, 2017.

- Pompa served here First Set of Requests for Production of Documents on Dish Network on November 17, 2017.

- Lohrengel served his responses to Pompa's First Set of Interrogatories on December 13, 2017.

- Lohrengel served his responses to Pompa's First Set of Requests for Production of Documents on December 13, 2017.

- Lohrengel served his Supplemental Responses to Pompa's First Set of Interrogatories on January 18, 2018.

- Plaintiff served its responses to Pompa's First Set of Interrogatories on January 5, 2018.

- Plaintiff served its responses to Pompa's First Set of Requests for Production of Documents on January 5, 2018.

- Plaintiff served its First Supplemental Disclosures on December 13, 2018.

- Lohrengel's counsel filed an Ex Parte Petition For Appointment of Special Administrator of the decedent's probate estate on January 26, 2018 in order to enable her to obtain decedent's medical records. Lohrengel's counsel is waiting for an order to be issued.

- Lohrengel's counsel has scheduled a Videotaped Deposition of Pompa on June 15, 2018, at 9:30 a.m.

8.      Pompa and Lohrengel anticipate that the following discovery will need to be completed, if it becomes necessary: limited document discovery, including obtaining medical records of the decedent through the Nevada Probate Court; depositions of the parties and fact witnesses; and the retention of experts and expert reports. Pompa and Lohrengel have been working diligently on these matters and have yet to complete them, though the applicable deadlines have not yet arrived.

9.      Federal district courts have "wide discretion in controlling discovery." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988). In exercising this discretion, a district court may stay discovery based on the filing of a motion that is "potentially dispositive of the entire case." *Tradebay, LLC v. eBay, Inc.*, 278 F.R.D 597, 601 (D. Nev. 2011). *See also Turner Broadcasting Sys. V. Tracinda Corp.*, 175 F.R.D. 554, 556 (D. Nev. 1997) (holding that "[w]hether to grant a stay is within the discretion of the Court . . . ."); *Hafterlaw, LLC v. Neelu Pal, M.D.,* 2014 WL 12585779 (D. Nev. 2014) (granting motion to stay discovery pending ruling on a motion for summary judgment where the motion was potentially dispositive and no discovery was necessary to resolve the motion). As such, it is within the Court's power to grant a stay of discovery at this time pending a ruling on the pending Motion for Summary Judgment.

/ / /

4

**BOWLER DIXON & TWITCHELL LLP**
3137 E. Warm Springs Rd., Suite 100
Las Vegas, Nevada 89120

10.     It would be burdensome and unfair to have the parties incur the expense of remaining time-consuming and costly discovery, including retention of experts, because the parties have agreed to a stay.  Rule 1 of the Federal Rules of Civil Procedure provides that the federal rules of practice should be "construed and administered to secure the just, speedy, and *inexpensive* determination of every action and proceeding."  (Emphasis added).  Thus, staying discovery in this case is consistent with the spirit and intent of the Federal Rules of Civil Procedure.  If a stay is not granted, the parties will be required to engage in and incur the costs of discovery which may not be necessary.

11.     In order to preserve Pompa's, Lohrengel's,  and the Court's resources, and to promote judicial economy, Pompa and Lohrengel have agreed, subject to the Court's approval, to stay discovery until such time as it should become necessary in the event the pending Motion for Summary Judgment is denied.  Plaintiff Dish Network has no objection to the agreement reached by Pompa and Lohrengel, subject to the Court's approval, to stay discovery until such time as it should become necessary in the event the pending Motion for Summary Judgment is denied.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

5

12. In the event that Pompa's Motion for Summary Judgment is denied, the parties agree that they will submit to the Court a revised discovery plan for the remaining discovery within 14 days of any order denying the Motion for Summary Judgment.

DATED this 23rd day of May, 2018.

BOWLER DIXON & TWITCHELL LLP

*/s/ Andrew F. Dixon*
Andrew F. Dixon
Nevada Bar No. 8422
3137 E. Warm Springs Road
Suite 100
Las Vegas, Nevada 89120
Email: andrew@nevadalegalcounsel.com

*Attorney for Defendant/Cross Defendant/*
*Cross Claimant Deborah Pompa*

JACKSON LEWIS P.C.

*/s/ Deverie J. Christensen*
Deverie J. Christensen
Nevada Bar No. 6596
3800 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
Email: christensend@jacksonlewis.com

*Attorney for Plaintiffs*
*DISH Network Corporation*

LAW PRACTICE LTD.

*/s/ Ann E. Kolber*
Ann E. Kolber
Nevada Bar No. 8144
Law Practice, Ltd.
5516 S. Fort Apache Road, Ste. 110
Las Vegas, NV 89148
Email: akolber@lawpracticeltd.com

*Attorney for Defendant/Cross Claimant/*
*Cross Defendant Roy Lohrengel*

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE
DATED: May 24, 2018