# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

DISH NETWORK CORPORATION, as Plan Administrator and on behalf of DISH NETWORK CORPORATION 401(K) PLAN,

Plaintiff in Interpleader,

v.

DEBORAH POMPA and ROY LOHRENGEL,

Defendants in Interpleader.

Case No. 2:17-cv-01601-KJD-CWH

ORDER

Presently before the Court is Cross-claimant Deborah Pompa's Motion for Summary Judgment (#30). Cross-Defendant/Counter-claimant Roy Lohrengel ("Roy") filed a response in opposition (#33) to which Pompa replied (#34).

## I. FACTS

Decedent, Larry Lohrengel ("Lohrengel"), was employed by Dish Network and participated in the Dish Network 401(K) Plan ("the Plan"). The Plan gave Lohrengel the right to designate a beneficiary to receive the benefits payable upon his death by filing a written notice of change of beneficiary with the retirement plan administrator.

At the time of Lohrengel's illness and death, Movant Pompa, his long-time significant other, was residing with Lohrengel. On June 26, 2012, Pompa was designated as the one-hundred (100) percent (%) beneficiary of Lohrengel's retirement plan benefits. Lohrengel died on July 25, 2012. At the time of his death, Lohrengel was neither married, nor had he been married during any time that he participated in the Plan. Further, Lohrengel had no surviving children. According to the terms of the Plan, a surviving parent is entitled to the Plan benefits, only if no valid designation exists and there are no surviving spouse or children.

On August 22, 2012, Roy sent correspondence through his counsel to the Plan demanding that no distributions be made to Pompa. The letter made allegations that Lohrengel lacked the computer savvy and the physical and mental capacity to change his designation of beneficiary on June 26, 2012. The letter also alleged that Pompa must have changed the designation of beneficiary without Lohrengel's knowledge or consent.

The Plan's governing documents provided that the Administrator was required to provide a written or electronic notification of the Plan's adverse determination to the claimant within a reasonable time, no later than ninety (90) days after the Plan's receipt of the claim. Any extension of the time by the Plan was to be noticed to the claimant within the initial ninety days. Roy did not receive any written or electronic communication from the Plan.

As of June 7, 2017, Lohrengel was due $73,577.29. On June 8, 2017, Plaintiff filed a Complaint for Interpleader (#1) seeking to deposit the full amount due to its inability to make a determination based upon the competing claims of Pompa and Roy. On August 22, 2017, five years after his initial letter to the Plan, Roy filed his Cross-claim (#24) against Pompa. Essentially, Roy asserts that Pompa fraudulently made the beneficiary designation in her favor. Pompa has now moved for summary judgment asserting that the statute of limitations bars Roy's claim.

## II. STANDARD FOR SUMMARY JUDGMENT

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. Celotex Corp. v. Catrett, 477 U.S. 317, 323–24 (1986). It is available only where the absence of material fact allows the Court to rule as a matter of law. Fed. R. Civ. P. 56(a); Celotex, 477 U.S. at 322. Rule 56 outlines a burden shifting approach to summary judgment. First, the moving party must demonstrate the absence of a genuine issue of material fact. The burden then shifts to the nonmoving party to produce specific evidence of a genuine factual dispute for trial. Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986). A genuine issue of fact exists where the evidence could allow "a reasonable jury [to] return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). The Court views the evidence and draws all available inferences in the light most

favorable to the nonmoving party. Kaiser Cement Corp. v. Fischbach & Moore, Inc., 793 F.2d 1100, 1103 (9th Cir. 1986). Yet, to survive summary judgment, the nonmoving party must show more than "some metaphysical doubt as to the material facts." Matsushita, 475 U.S. at 586.

III. ANALYSIS

By the clear terms of the Plan, Lohrengel's benefits are payable to Pompa as the designated one-hundred percent (100 %) beneficiary. Roy's claim to the assets succeeds only if Pompa's designation is void. In order to defeat Pompa's claim, Roy's cross-claim asserts an action for declaratory relief seeking to have the Court declare the beneficiary designation void per Nevada Revised Statute § 155.097.

NRS 155.097(2) establishes a rebuttable presumption that a transfer is presumed to be void if the transfer is to a transferee who is:

> (a) The person who drafted the transfer instrument;
>
> (b) A caregiver of the transferor who is a dependent adult;
>
> (c) A person who materially participated in formulating the dispositive provisions of the transfer instrument or paid for the drafting of the transfer instrument[.]

In response to Pompa's motion for summary judgment, Roy asserts that the designation of beneficiary is void under 155.097(2)(b). Section 155.097(3) states that the presumption may be rebutted by clear and convincing evidence that the donative transfer was not the product of fraud, duress, or undue influence.

However, Pompa asserts that Roy's cross-claim is barred by the statute of limitations. The "Nevada statute of limitations for actions grounded in fraud . . . is three years." Vari-Build, Inc. v. City of Reno, 622 F. Supp. 97, 98 (D. Nev. 1985) (citing NRS 11.1909(3)(d)). However, the Nevada Supreme Court recognizes "that a cause of action does not accrue, and the statute does not begin to run until a litigant discovers, or reasonably should have discovered facts giving rise to an action." Beazer Homes Nevada, Inc. v. The Eighth Judicial Dist. Ct., 97 P.3d 1132, 1138 (Nev. 2004).

Here, the Plan was under a duty to provide written notice of an adverse determination to a claimant. However, rather than provide written notice of an adverse determination the Plan filed

the present complaint and interpled the funds. Roy's claim had not been denied, and therefore he had suffered no injury until the complaint was filed. Therefore, the statute of limitations did not begin to run until the complaint was filed.[1]

Here, Roy has adduced sufficient evidence to raise a genuine issue of material fact. If Pompa was a caregiver, as defined by the applicable statute in effect in 2012, or she had drafted the transfer instrument, or materially participated in the change in beneficiary, then that change in beneficiary is presumed void. See NRS § 155.0935 (2012); NRS § 155.097(2). The burden then falls to her to prove at trial by clear and convincing evidence that the change in designation of beneficiary was not the product of fraud, duress, or undue influence. NRS § 155.097(3). Therefore, Pompa's motion for summary judgment is denied.

IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Cross-claimant Deborah Pompa's Motion for Summary Judgment (#30) is **DENIED**.

Dated this 29th day of March, 2019.

Kent J. Dawson
United States District Judge

---

[1] Certainly, even if the injury should have been discovered earlier, the statute of limitations would have been tolled pending the Plan's written notification of an adverse determination. See Seino v. Employers Ins. Co. of Nevada, 111 P.3d 1107, 1112 (Nev. 2005) (citing Azer v. Connell, 306 F.3d 930, 935-36 (9th Cir. 2002)).